[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------

No. 07-12340
Non-Argument Calendar

-------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00107-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED JOSEPH SUTTLES,
a.k.a. Sport,
MARY R. HAM,

Defendants-Appellants.

------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

------------------------------------------------------------------

(October 24, 2008)

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendants-Appellants Fred Joseph Suttles and Mary R. Ham appeal their convictions for conspiracy to defraud the Internal Revenue Service ("IRS") by impeding the collection of tax revenues, in violation of 18 U.S.C. § 371.[1]  No reversible error has been shown; we affirm.

The conspiracy charge alleged that Suttles and Ham conspired to evade payment of employment taxes, individual income taxes, and corporate income taxes.  To that end, the indictment alleged Defendants created entities to defeat IRS collection of taxes owed, engaged in the transfer of businesses and assets into the name of Ham and others, created false documentation to disguise transfers of business income to Defendants for their personal use and to conceal taxable income, failed to withhold and to pay over employment taxes, and made statements and committed acts to hide and conceal the conspiracy.  The charged conspiracy lasted from around August 1990 to 2006.

Defendants challenge the sufficiency of the evidence to support their convictions.  Defendants maintain that the evidence fails to show that they knowingly and willfully agreed to defraud the IRS.  Suttles argues that (1) the evidence shows that he acted alone; and (2) fails to demonstrate that the United

---

[1] Suttles also was convicted on ten substantive income tax related counts.  Only the conspiracy convictions of Suttles and Ham are at issue in this appeal.

States was the target of a conspiracy. Ham argues that she was a naive woman, dependent on Suttles for financial support; she claims to have been only a passive recipient of the fruits of Suttle's tax schemes. According to Ham, the government failed to prove her subjective knowledge of Suttles's illegal acts and failed to prove that she intended to conspire with him to defraud the IRS.

We review the sufficiency of the evidence to support a guilty verdict <u>de novo</u>, viewing the evidence in the light most favorable to the government. <u>United States v. Klopf</u>, 423 F.3d 1228, 1236 (11th Cir. 2005). We accept all reasonable inferences and credibility choices in favor of the jury's verdict. <u>United States v. Tinoco</u>, 304 F.3d 1088, 1122 (11th Cir. 2002). When the government relies on circumstantial evidence, reasonable inferences rather than mere speculation, must support conviction. <u>Klopf</u>, 423 F.3d at 1236. If a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt, we will affirm the verdict. <u>See</u> <u>Jackson v. Virginia</u>, 99 S.Ct. 2781, 2789 (1979). No requirement exists that the evidence "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt," <u>United States v. Calderon</u>, 127 F.3d 1314, 1324 (11th Cir. 1997), <u>modified on other grounds by</u> <u>United States v. Toler</u>, 144 F.3d 1423, 1427 (11th Cir. 1998) (quotation and citation omitted); the evidence is sufficient unless no reasonable trier of fact could

3

find guilt established beyond a reasonable doubt even if the evidence might also support a defendant's theory of innocence. Tinoco, 304 F.3d at 1122; Calderon, 127 F.3d at 1324.

Under 18 U.S.C. § 371, it is a crime to "conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner of for any purpose ...." A conspiracy to defraud the United States[2] has three elements: (1) an agreement to achieve an unlawful objective; (2) defendant's knowing and voluntary participation in the conspiracy; and (3) the commission of an overt act in furtherance of the conspiracy. United States v. Cure, 804 F.2d 625, 628 (11th Cir. 1986). The agreement may be proved by circumstantial evidence, see United States v. Silvestri, 409 F.3d 1311, 1328 (11th Cir. 2005); and inferences based on defendant's conduct may demonstrate agreement and intent. See id. (agreement); United States v. LaSpesa, 956 F.2d 1027, 1035 (11th Cir. 1992) (participation and intent). "The government need not prove that a defendant had knowledge of all details of the phases of the

_____

[2] The proof required to support a conviction under section 371 differs depending on whether the conspiracy charged falls under the "any offense" clause or the "defraud" clause of section 371. United States v. Mendez, 528 F.3d 811, 815 (11th Cir. 2008) petition for cert. filed, 77 USLW 3087 (Aug. 1, 2008). Where, as here, the "defraud" clause applies, "the government must prove that the United States was the ultimate target of the conspiracy." Id. (quoting United States v. Harmas, 974 F.2d 1262, 1268 (11th Cir. 1992)).

4

conspiracy. They need only demonstrate that the defendant knew the essential nature of the conspiracy." United States v. Lluesma, 45 F.3d 408, 410 (11th Cir. 1995).

Ample evidence in the record supports the jury's verdict that Ham and Suttles conspired to defraud the IRS. Evidence showed that Suttles owed the IRS around $250,000 in 1998 and that Ham was aware of that debt. At Suttle's behest, Ham bought a business -- Diamond Brokers -- from Suttle's ex-wife; evidence showed that Ham was aware that Suttles did not buy Diamond Brokers himself because assets held in Suttles's name would be subject to IRS collection for Suttles's outstanding debt. Ham obtained financing to purchase real estate several times based on her and Diamond Broker's representations that she worked for Diamond Brokers; the evidence showed Ham performed little or no work for Diamond Brokers. Ham used false documentation to support mortgage applications; Suttles's controlled Diamond Broker's assets and used them to pay Ham's mortgage obligation and other personal expenses. Records of Diamond Brokers showed that Suttles listed payment to Ham improperly as loan repayments; this listing disguised the taxable nature of some payments made to Ham. Ham allowed Suttles to use her credit cards to obtain cash; Diamond Brokers paid Ham's credit card bills. False representations were made to the IRS

5

by Ham about the amount of time she worked at Diamond Brokers and about amounts she received from Suttles for child support. Both Suttles and Ham engaged in tax protestor-related activity; and Ham fled when an IRS agent attempted to serve her with a grand jury subpoena related to the instant prosecution. The jury reasonably could infer from Ham's flight consciousness of guilt. See United States v. Borders, 693 F.2d 1318, 1324-25 (11th Cir. 1982).

Sufficient evidence demonstrated that Suttles and Ham knowingly and voluntarily agreed to impede the collection by the IRS of taxes owed by them and Diamond Brokers. The evidence showed that they acted jointly to prevent the IRS from collecting taxes owed; they were aware that the purpose of their acts was to impede IRS tax collection. The IRS, an agency of the United States government, was the direct target of the conspiracy. We cannot say that no reasonable jury could find beyond a reasonable doubt that Suttles and Ham conspired to defraud the IRS in violation of 18 U.S.C. § 371.

AFFIRMED.